PATRICIA L. GLASER – State Bar No. 55668
pglaser@glaserweil.com
G. JILL BASINGER – State Bar No. 195739
jbasinger@glaserweil.com
CAMILLA Y. CHAN - State Bar No. 241674
cchan@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants
David Bergstein and Eugene Scher

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JULIUS R. NASSO, an individual, | Case No.: 15-CV-08534-DMG (GJSx) |
| Plaintiff, | Hon. Dolly M. Gee |
| v. | **DEFENDANTS' BERGSTEIN AND SCHER'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| INTEGRATED ADMINISTRATION, INC, an entity of unknown origin, ET AL., | |
| Defendants. | **[FED. R. CIV. P. RULE 12(b)(6)]** |
| | DATE: March 11, 2016<br>TIME: 9:30 a.m.<br>COURTROOM: 7 |

DEFENDANTS BERGSTEIN AND SCHER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1119317

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 11, 2016 at 9:30 a.m., or as soon thereafter as the matter may be heard by the Honorable Dolly M. Gee, in Courtroom 7, of the above-entitled Court located at 312 North Spring Street, Los Angeles, California 90012, Defendants David Bergstein ("Bergstein") and Eugene Scher ("Scher") will and hereby do move the Court to dismiss Plaintiff Julius R. Nasso's ("Plaintiff") Complaint ("Complaint") against Scher and the Third, Fourth, Fifth, and Sixth claims of the Complaint against Bergstein.

This Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and is based on the following grounds:

1. Plaintiff fails to plead a claim for fraud or negligent misrepresentation against Scher because the Complaint fails to allege that Scher made any false statements to induce Plaintiff to act.

2. Plaintiff fails to plead a claim for breach of contract/promissory note against Bergstein and Scher because neither Bergstein nor Scher are parties to the promissory note, and Plaintiff fails to allege facts to support an alter ego theory of liability.

3. Plaintiff fails to plead a claim for breach of guaranty against Bergstein and Scher because neither Bergstein nor Scher are parties to the Guaranty contract, and Plaintiff fails to allege facts to support an alter ego theory of liability.

4. Plaintiff fails to plead facts to support a claim for unfair competition.

5. Plaintiff fails to plead facts to support a claim for civil conspiracy.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other matters on file in this action, and such other and further matters as may come before the Court.

///

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 4, 2016.

DATED: February 11, 2016

GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

By: /s/ G. Jill Basinger
PATRICIA L. GLASER
G. JILL BASINGER
CAMILLA Y. CHAN
   Attorneys for Defendants
   David Bergstein and Eugene Scher

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1
II. STATEMENT OF FACTS....................................................................................3
    A. Plaintiff's Loan To Defendant Integrated ..................................................3
    B. Plaintiff's Alter Ego Allegations ................................................................4
III. ARGUMENT ........................................................................................................5
    A. Legal Standard ...........................................................................................5
    B. Plaintiff Fails To State Claims for Fraud and Negligent Misrepresentation Against Defendant Scher ..........................................5
    C. Plaintiff Fails To State Claims for Breach of Contract and Breach of Guaranty Against Defendants Bergstein and Scher .........................6
        1. Defendant Bergstein Cannot Be Liable For Breach of Contract Because He Did Not Sign the Contracts At Issue .......6
        2. Defendant Scher Cannot Be Liable For Breach of the Note Because He Did Not Sign the Note, And He Cannot Be Liable For Breach of Guaranty Because He Signed The Agreement In His Capacity As Manager of Nailed Loan ..........6
        3. Plaintiff Fails to Allege Facts To Support His Alter Ego Theory of Liability..................................................................7
    D. Plaintiff's Claim for Unfair Competition Must Be Dismissed .............8
    E. Plaintiff Does Not Allege Facts To Support the Existence of a Civil Conspiracy ..................................................................................10
IV. CONCLUSION ..................................................................................................11

**FEDERAL CASES**

*Blizzard Entmt, Inc. v. Ceiling Fan Software LLC*,
  28 F. Supp. 3d 1006 (C.D. Cal. 2013) .................................................................. 10

*Jacobellis v. State Farm Fire & Cas. Co.*,
  120 F.3d 171 (9th Cir. 1997) ................................................................................. 5

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ............................................................................... 9

*NetApp, Inc. v. Nimble Storage, Inc.*,
  41 F. Supp. 3d 816 (N.D. Cal. 2014) .............................................................. 10, 11

*NuCal Foods, Inc. v. Quality Egg LLC*,
  887 F. Supp. 2d 977 (E.D. Cal. 2012) .................................................................... 7

*Rockridge Trust v. Wells Fargo, N.A.*,
  985 F. Supp. 2d 1110 (N.D. Cal. 2013) ............................................................... 8, 9

*Synagogue v. United States*,
  482 F.3d 1058 (9th Cir. 2007) ............................................................................... 5

*United Bros. of Carpenters & Joiners of Am. v. Building & Const. Trades Dept., AFL-CIO*,
  770 F.3d 834 (9th Cir. 2014) ............................................................................... 11

*United Computer Sys., Inc. v. AT&T Corp.*,
  298 F.3d 756 (9th Cir. 2002) ............................................................................. 6, 7

**STATE STATUTES**
Cal. Bus. & Prof. Code Section 17200 ........................................................................ 9

**STATE CASES**
*Barrett v. Hammer Builders, Inc.*,
  195 Cal. App. 2d 305 (1961) .................................................................................. 7

*Carlesimo v. Schwebel*,
  87 Cal. App. 2d 482 (1948) .................................................................................... 7

*Committee on Children's Television, Inc. v. General Foods Corp.*,
  35 Cal. 3d 197 (1983) ............................................................................................ 9

*Engalla v. Permanente Med. Group, Inc.*,
  15 Cal. 4th 951 (1997) ........................................................................................... 5

*Gold v. Gibbons*,
  178 Cal. App. 3d 517 (1960) .................................................................................. 6

*Knox v. Dean*,
  205 Cal. App. 4th 417 (2012) ................................................................................. 6

*Paulus v. Bob Lynch Ford, Inc.*,
  139 Cal. App. 4th 659 (2006) ................................................................................. 9

*Ragland v. U.S. Bank Nat'l Ass'n,*
　209 Cal. App. 4th 182 (2012) .................................................................................. 5

*Service by Medallion, Inc. v. Clorox Co.,*
　44 Cal. App. 4th 1807 (1996) .................................................................................. 5

**RULES**
Fed. R. Civ. P. Rule 8 ................................................................................................ 10

Fed. R. Civ. P. Rule 9 .................................................................................................. 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Julius R. Nasso ("Plaintiff") made a $600,000 loan to complete a movie, and he allegedly was not repaid. Rather than pursuing his claims against the entity that issued the promissory note agreeing to repay the $600,000 loan and the entity that guaranteed the loan, Plaintiff has taken a shotgun approach to liability, bringing in a number of individuals – including Defendant David Bergstein ("Bergstein"), whose only alleged contact with Plaintiff was a single telephone call, and Defendant Eugene Scher ("Scher"), who executed the guaranty agreement as an agent of the contracting company.

Based on a single telephone conversation, Plaintiff not only alleges that Bergstein made material misstatements that induced him to make the loan to Defendant Integrated Administration, Inc.[1], but that Bergstein is also the alter ego of Integrated, thereby rendering him contractually liable for the obligations of Integrated and Defendant Nailed Loan Acquisition ("Nailed Loan"), which guaranteed the loan. Plaintiff alleges no facts to support his alter ego claim. Because Bergstein executed none of the agreements at issue, and there are no facts supporting Plaintiff's allegations of alter ego liablity, Plaintiff has stated no fact to support his third and fourth claims against Bergstein.

In addition to alleging specious claims against Bergstein, Plaintiff attempts to pin liability on Scher, the Manager of Nailed Loan. Like Bergstein, Scher was not a party to the promissory note, agreeing to repay Plaintiff the $600,000 loan that he made. As the Manager of Nailed Loan, Scher executed the Guaranty Agreement on behalf of the company. Nonetheless, Plaintiff has proceeded with breach of contract claims against Scher based on alter ego liability. As with his allegations against

---

[1] Plaintiff named two entities sharing the name "Integrated Administration, Inc." as defendants in this action, claiming that he is not aware whether the proper defendant is a California corporation or a Delaware corporation. For the purpose of this Motion, the term "Integrated" shall refer to both of the entities.

Bergstein, Plaintiff alleges no facts to support his theory of alter ego liability and Plaintiff cannot maintain his third and fourth claims for breach of contract against Scher.

Plaintiff also alleges that Scher made material misrepresentations to induce him to make the loan. However, the only statements allegedly made by Scher were made *after* Plaintiff had already transferred the $600,000 loan; therefore, Plaintiff could not have reasonably relied upon any statements by Scher. Moreover, the alleged statements by Scher – expressing his gratitude for Plaintiff's loan – do not constitute statements of fact upon which Plaintiff could have reasonably relied. As a result, Plaintiff fails to state claims for fraud and negligent misrepresentation against Scher.

Moreover, Plaintiff fails to state claims under California unfair competition law and civil conspiracy against any Defendant. Plaintiff's barebones allegations do not give rise to a claim for unfair competition for a number of reasons: (a) Plaintiff fails to plead his claim with particularity; (b) Plaintiff fails to allege facts to show that members of the public are likely to be deceived; and (c) Plaintiff has not alleged conduct that threatens an incipient violation of an antitrust law, or otherwise significantly threatens or harms competition, any conduct that offends public policy or any practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. Plaintiff's scant allegations also fail to allege any civil conspiracy amongst the Defendants.

Accordingly, Plaintiff fails to state any claim against Defendant Scher, and the Complaint should be dismissed with prejudice in its entirety against Scher. Plaintiff also fails to plead claims for breach of contract, breach of guaranty agreement, violations of California's unfair competition law, or civil conspiracy, and Bergstein respectfully requests that Plaintiff's third, fourth, fifth, and six claims be dismissed with prejudice.

## II. STATEMENT OF FACTS

### A. Plaintiff's Loan To Defendant Integrated

According to the Complaint, Jeff Kranzdorf ("Kranzdorf"), acting on behalf of Bergstein and the other Defendants, telephoned Plaintiff to determine whether Plaintiff would invest in the production of a full length theatrical motion picture entitled "Nailed," a/k/a Accidental Love ("Picture"). Subsequently, Plaintiff met with Kranzdorf and Defendant Jam regarding his proposed investment in the Picture, and Jam allegedly made false representations to Plaintiff regarding the Picture and Plaintiff's potential investment therein. *See* Complaint, ¶¶ 17-19.

Following Plaintiff's meeting with Jam and Kranzdorf, who allegedly held himself out to be Bergstein's representative, Bergstein allegedly telephoned Plaintiff to encourage and "induce[]" Plaintiff to invest in the Picture. Bergstein allegedly reiterated statements that Plaintiff had previously been told regarding the Picture and Plaintiff's potential investment therein. *See* Complaint, ¶ 21. Bergstein also allegedly stated that Plaintiff's investment would be adequately secured by the copyright in the Picture, that Plaintiff would receive the first monies earned from the Picture, and that there would be a theatrical release of the Picture by Defendants. *See* Complaint, ¶ 22.

Based on the alleged statements by Jam and Bergstein, on or about November 5, 2012, Plaintiff transferred $600,000 to invest in the Picture. Complaint, ¶ 23. Plaintiff's alleged "investment" was secured by a Secured Promissory Note by which Defendant Integrated agreed to pay the sums set forth in the Note. Complaint, ¶ 24 and Exh. 1. The Note was executed by Jam as President of Integrated. Complaint, Exh. 1.

In addition, Plaintiff's "investment" was secured by a written Copyright Mortgage and Assignment, which was executed by Scher, as Manager of Defendant Nailed Loan Acquisition Company, LLC ("Nailed Loan"). Complaint, ¶ 24 and Exh. 2. Plaintiff also entered into a Continuing Corporate Guaranty Agreement with

Nailed Loan (the "Guaranty Agreement"). Complaint, ¶ 24 and Exh. 3. The Guaranty Agreement was executed by Scher, as Manager of Nailed Loan, and approved as to form and content by Jam, as an authorized signer for Integrated. Complaint, Exh. 3. In each instance where Scher executed the written agreements, he did so in his capacity as Manager for Nailed Loan. Bergstein did not execute any of the written agreements.

*After Plaintiff transferred $600,000 on November 5, 2012*, which represented his investment in the Picture, Plaintiff met with Scher and Kranzdorf on or about November 9, 2012. During that meeting, Scher "expressed his thanks to [Plaintiff] for 'saving the film,'" and told Plaintiff, "we couldn't have done it without you." Complaint, ¶¶ 29-30. Plaintiff allegedly was never repaid his $600,000 loan, despite making demand for payment. Complaint, ¶¶ 27, 31, 35.

Plaintiff also alleges that Kranzdorf, as Bergstein's representative, made assurances to Plaintiff that he would be repaid. Complaint, ¶¶ 33-34. The Complaint does not allege that Bergstein himself made any such statements. These alleged subsequent statements by Kranzdorf did not induce Plaintiff to take any action or to forbear from taking any action.

### B.   Plaintiff's Alter Ego Allegations

In addition to the conduct alleged in the Complaint, Plaintiff also makes barebones allegations of alter ego liability based upon information and belief. Specifically, Plaintiff alleges that "[t]he individual Defendants…dominated, controlled and influenced…the corporate and/or entity Defendants…;" that the "corporate and/or entity Defendants have been, and now are, a mere shell and naked undercapitalized framework which [the individual Defendants] [use] as conduits for the conduct of their personal business and/or property affairs…;" and that the "individual Defendants created the corporate and/or entity Defendants, which are being operated pursuant to a scheme… whereby the income, revenue and profits [of the corporate Defendants] are or have been converted by the individual Defendants."

1  Complaint, ¶ 39.  Plaintiff offers no facts to support his conclusory allegations.

2  **III.   ARGUMENT**

3        **A.   Legal Standard**

4      A district court may dismiss a complaint if it is clear that "no relief can be
5  granted under any set of facts that could be proved consistent with the allegations."
6  *Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007).  "All allegations of
7  material fact are taken as true and construed in the light most favorable to the moving
8  party."  *Jacobellis v. State Farm Fire & Cas. Co.*, 120 F.3d 171, 172 (9th Cir. 1997).

9        **B.   Plaintiff Fails To State Claims for Fraud and Negligent
10          Misrepresentation Against Defendant Scher**

11     In order to plead fraud under California law, a plaintiff must allege "(1) a
12 knowingly false representation by the defendant; (2) an intent to deceive or induce
13 reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *Service
14 by Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1816 (1996).  Similarly, to
15 plead a claim for negligent misrepresentation, a plaintiff must allege "(1) a
16 misrepresentation of a past or existing material fact, (2) made without reasonable
17 ground for believing it to be true, (3) made with the intent to induce another's reliance
18 on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5)
19 resulting damage."  *Ragland v. U.S. Bank Nat'l Ass'n*, 209 Cal. App. 4th 182, 196
20 (2012).  "Actual reliance occurs when a misrepresentation is 'an immediate cause of
21 [a plaintiff's] conduct, which alters his legal relations,' and when, absent such
22 representation, 'he would not, in all reasonable probability, have entered into the
23 contract or transaction.'"  *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951
24 (1997).

25     Here, Plaintiff alleges that he met with Scher only *after* the time he transferred
26 funds for his investment in the Picture.  Complaint, ¶¶ 23, 28-30.  As a result, nothing
27 Scher said could have induced Plaintiff to invest in, or make a loan to, the Picture.
28 Furthermore, the only statements by Scher – thanking Plaintiff for "saving the film"

which they "couldn't have done [] without [Plaintiff]," Complaint, ¶¶ 28-30, do not constitute misrepresentations of fact. Even if the statements by Scher could be construed as factual representations, Plaintiff does not identify any other actions that he took, or refrained from taking, in reliance on the statements by Scher. *See, e.g., Knox v. Dean*, 205 Cal. App. 4th 417, 434 (2012) (holding that summary adjudication on constructive fraud claim was appropriate where plaintiff failed to identify any act taken in reliance on defendant's action). Because Plaintiff did not rely on any representation by Scher, Plaintiff has not, and cannot, state a cause of action for fraud or negligent misrepresentation against Scher.

### C. Plaintiff Fails To State Claims for Breach of Contract and Breach of Guaranty Against Defendants Bergstein and Scher

#### 1. Defendant Bergstein Cannot Be Liable For Breach of Contract Because He Did Not Sign the Contracts At Issue

"Under California law, 'only a signatory to a contract may be liable for any breach." *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002); *see also Gold v. Gibbons*, 178 Cal. App. 3d 517, 519 (1960) ("Breach of contract cannot be made the basis of an action for damages against defendants who did not execute it and who did nothing to assume its obligations."). Here, Bergstein did not execute either the Note or the Guaranty Agreement, which form the basis of Plaintiff's Third and Fourth Claims for breach of contract and breach of guaranty. *See* Complaint, Exh. 1. Because Bergstein is not a signatory to the contracts at issue, he cannot be liable for any alleged breach of the contracts.

#### 2. Defendant Scher Cannot Be Liable For Breach of the Note Because He Did Not Sign the Note, And He Cannot Be Liable For Breach of Guaranty Because He Signed The Agreement In His Capacity As Manager of Nailed Loan

Like Bergstein, Scher did not sign the Note, which was signed by Jam on behalf of Integrated. Accordingly, Scher cannot be liable for breach of the Note

based on Integrated's alleged failure to repay funds to Plaintiff. *United Computer Sys.*, 298 F.3d at 762.

Even though Scher signed the Guaranty Agreement, he did so in his capacity as Manager of Nailed Loan. In doing so, Scher was contracting on behalf of Nailed Loan and not in his personal capacity. *See Barrett v. Hammer Builders, Inc.*, 195 Cal. App. 2d 305, 317 (1961) (holding that where on the face of the contract it is clear that an individual was signing an agreement as an agent for the company, the individual "was contracting on behalf of [the company] and not for himself"). Here, it is clear that Scher signed the Guaranty Agreement in his capacity as Manager of Nailed Loan, and not in his individual capacity. Not only does the Guaranty Agreement identify the contracting parties as "Nailed Loan Acquisition Company" and Plaintiff, but in the signature block, Scher signed as "Manager" of Nailed Loan. *Id.* (holding that where it appears on the face of an agreement that an individual is signing the agreement as a representative of the company, "the corporation is liable and the agent is not); *see also Carlesimo v. Schwebel*, 87 Cal. App. 2d 482, 486 (1948) (holding that where the signature of contracting party included the name of the company, the contract discloses that the contracting party is the company). Accordingly, it is clear that the contracting defendant is Nailed Loan, and Scher cannot be liable personally for any alleged breach of the Guaranty Agreement.

### 3. **<u>Plaintiff Fails to Allege Facts To Support His Alter Ego Theory of Liability</u>**

In order to impose liability based upon an alter ego theory, "the plaintiff must make allegations of fact from which it appears that recognition of the corporate entity would sanction a fraud or promote injustice." *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 992 (E.D. Cal. 2012). "Mere '[c]onclusory allegations of alter-ego status are not sufficient.'" *Id.* at 993.

Here, Plaintiff has only stated conclusory allegations of alter ego status. In his Complaint, Plaintiff alleges, upon information and belief, that (a) the individual


Defendants "dominated, controlled and influenced" the corporate Defendants; (b) the corporate Defendants are "a mere shell and naked, undercapitalized framework" that the individual Defendants use "as conduits for the conduct of their personal business and/or property affairs and/or as obligor for the assumption of obligations and/or liabilities incapable of performances" by the corporate Defendants; (c) the corporate Defendants were operated "pursuant to a scheme…whereby the income, revenue and profits" of the corporate Defendants have been converted by the individual Defendant; (d) there is "such a unity of interest and control" between the corporate Defendants and the individual Defendants that the individuality and separateness of the corporate Defendants has ceased; and (e) the individual Defendants "hold substantial interest" in the corporate Defendants. Complaint, ¶ 39.  Yet, Plaintiff has offered no facts to support his conclusory allegations.  Plaintiff has not identified which individual Defendants have an interest the corporate Defendants, the nature of his or their interest, or the control that each individual Defendant asserts over each corporate Defendant.  Nor has Plaintiff pled any facts to suggest that any of the corporate Defendants is undercapitalized, is dominated by Jam, Scher, and/or Bergstein, or has had any of its income, revenue, or profits converted by any of the individual Defendants.  Because Plaintiff has not alleged any facts to support his allegation that either Bergstein or Sher are alter egos of Integrated and/or Nailed Loan, Plaintiff cannot maintain breach of contract claims against Defendants Bergstein and Scher.

### D.     Plaintiff's Claim for Unfair Competition Must Be Dismissed

"To establish a violation of Section 17200, a plaintiff may establish a violation under any one of three prongs" – unlawful, fraudulent, or unfair business practices. *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1165 (N.D. Cal. 2013). The purpose of California's unfair competition law is to protect both consumers and competitors by promoting fair competition; however, "an action under the UCL 'is not an all-purpose substitute for a tort or contract action.'" *Paulus v. Bob Lynch*

*Ford, Inc.*, 139 Cal. App. 4th 659, 677 (2006).  Here, Plaintiff alleges, without citing any facts, that "[t]he acts of Defendants as set forth above constitute unfair and fraudulent business acts and practices in violation of [Cal. Bus. & Prof. Code] Section 17200[]."  Complaint, ¶ 63.

To the extent Plaintiff's UCL claim is based upon the fraud prong of California's unlawful competition law, Plaintiff's claim must be pled with particularity under the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Here, Plaintiff's Fifth Claim for unfair competition falls far short.  To support his unfair competition claim, Plaintiff merely alleges that "[t]he acts of Defendants as set forth above constitute unfair and fraudulent business acts and practices in violation of [Cal. Bus. & Prof. Code] Section 17200 et seq."  Complaint, ¶ 63.  Plaintiff fails to identify specific conduct that gives rise to his alleged unfair competition claim and fails to state "'the who, what, when where, and how' of the misconduct charged."  *Kearns*, 567 F.3d at 1124.  Without such information, it is not clear what alleged fraudulent conduct forms the basis of his claim that Defendants engaged in business practices that would deceive the public.

Assuming that the fraudulent business practice were the alleged statements made by Kranzdorf and by Defendants Bergstein and Jam to induce Plaintiff to invest in the Picture, those statements alone cannot support Plaintiff's UCL claim because the statements were made only to Plaintiff and were not likely to deceive members of the public.  *Rockridge Trust*, 985 F. Supp. 2d at 1165 ("'Fraudulent,' as used in the statute, does not refer to the common law tort of fraud but only requires a showing that **members of the public** 'are likely to be deceived.'") (emphasis added); *see also Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 211 (1983) (A defendant violates the "fraudulent business acts or practices" prong of the UCL by engaging in conduct by which "members of the public are likely to be deceived.").

To the extent Plaintiff's claim is based on any alleged "unfair business practice," Plaintiff has not alleged any specific facts to support his claim, even under the notice pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure. Indeed, it is unclear whether Plaintiff's UCL claim is based upon the alleged misrepresentations by Kranzdorf, Jam and Bergstein, the alleged breaches of contract by Integrated and Nailed Loan, or both. In either case, Plaintiff has not stated facts to support his unfair competition claim based on the unfairness prong of California's UCL statute. "An 'unfair' business practice consists of 'conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.'" *Blizzard Entmt, Inc. v. Ceiling Fan Software LLC*, 28 F. Supp. 3d 1006, 1017 n.12 (C.D. Cal. 2013) (citing *Cel-Tech Commc'ns*, 20 Cal. 4th at 187). "[A]n 'unfair' business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.* Here, Plaintiff has alleged nothing more than straightforward breach of contract and fraud claims, and nothing in the Complaint suggests that the alleged conduct threatens or violates antitrust laws, threatens or harms competition, offends established public policy, or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. As a result, Plaintiff fails to state a claim for unfair competition under Section 17200 of the California Business and Professions Code.

### E. **Plaintiff Does Not Allege Facts To Support the Existence of a Civil Conspiracy**

"In the context of civil conspiracy, '[t]o survive a motion to dismiss, plaintiff must allege with sufficient factual particularity that defendants reached some explicit or tacit understanding or agreement.'" *NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 836 (N.D. Cal. 2014). "Even in a complaint, formulaic recitations and 'conclusory statement[s]' will not suffice to allege conspiracy plausibly." *United*

*Bros. of Carpenters & Joiners of Am. v. Building & Const. Trades Dept., AFL-CIO*, 770 F.3d 834, 842 (9th Cir. 2014). "Bare assertions of 'agreement' [] or identifications of particular persons as 'co-conspirators' will not suffice." *Id.* (noting that "[a] complaint must 'answer the basic questions: who, did what, to whom (or with whom), where, and when?'").

Here, Plaintiff does not allege any facts to support the existence of a conspiracy between or among any of the Defendants, the scope of the alleged conspiracy, or the role any of the Defendants played in the alleged conspiracy. Plaintiff's conclusory allegation that "Defendants agreed, and knowingly and willfully conspired and acted in concert between and amongst themselves…with one or more of the John Doe Defendants to defraud Plaintiff," Complaint, ¶ 67, is insufficient to support Plaintiff's claim for civil conspiracy. *See NetApp, Inc.*, 41 F. Supp. 3d at 836 (holding that the plaintiff's failure to provide factual allegations to indicate a conspiracy other than a bare statement that the defendants "conspired to commit acts" could not support a claim for civil conspiracy). Accordingly, Plaintiff's claim for civil conspiracy should be dismissed for failure to state a claim.

### IV.   CONCLUSION

For the foregoing reasons, Defendant Scher requests that the Court dismiss with prejudice the Complaint against him in its entirety, and Defendant Bergstein requests that the Court dismiss with prejudice the Third, Fourth, Fifth, and Sixth claims of the Complaint against Defendant Bergstein.

DATED:  February 11, 2016            GLASER WEIL FINK HOWARD
                                                          AVCHEN & SHAPIRO LLP


                                                   By:  /s/ G. Jill Basinger
                                                       PATRICIA L. GLASER
                                                       G.JILL BASINGER
                                                       CAMILLA Y. CHAN
                                                          Attorneys for Defendants
                                                          David Bergstein and Eugene Scher