Thomas A. Kissane, Esq.
Schlam Stone and Dolan, LLP
26 Broadway
New York, NY 10004
212-344-5400
tkissane@schlamstone.com

Bret D. Lewis, Esq. [SBN 166819]
12304 Santa Monica Blvd., Ste 107A
Los Angeles, CA 90025
Tel (310) 207-0696
Email: Bretlewis@aol.com

Attorney for Plaintiff, Julius R. Nasso

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS R. NASSO, an individual<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED ADMINISTRATION, INC; an entity of unknown origin, INTEGRATED ADMINISTRATION, INC., a California corporation, NAILED LOAN ACQUISITION COMPANY, LLC, a Delaware limited liability company; KIARASH JAM, an individual, DAVID BERGSTEIN, an individual; EUGENE SCHER, an individual, and DOES 1-25,<br><br>Defendants. | Case No. 2:15-cv-08534-DMG-GJS<br><br>**OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS' BERGSTEIN AND SCHER FILED AS DOC. NO. 23**<br><br>Date:  March 25, 2016<br>Time:  9:30 a.m.<br>Ctrm:  7 |

# TABLE OF CONTENTS

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INITIAL STATEMENT……………………………………………………….2

II. LEGAL STANDARD…………………………………………………….....2

III. THE COMPLAINT STATES A VALID CLAIM FOR FRAUD (AND NEGLIGENT MISRPERESENTATION) AGAINST SHER AS A CONCEALMENT CLAIM…………………………………………………….....3

    A. Overview of Elements of a Concealment Claim…………………….…..3

    B. The Duty Sher Owed to Nasso………………………………………..4

    1. Sher owed a duty to Nasso under the CA securities laws……….....…4

    2. Sher owed a duty to Nasso under general CA law………………..……4

    C. The Law if Clear that Even Non-Fiduciaries have a Duty to Refrain from Non-Disclosures Through Half-Truths…………………………….……5

    D. Plaintiff Has Stated A Valid Claim Against Sher For Fraudulent Concealment and Negligent Misrepresentation Based on Negligent Concealment……………………………………………………………….7

IV. PLAINTIFF'S ALTER EGO ALLEGATIONS SUPPORT PERSONAL LIABILITY AGAINST SHER AND BERGSTEIN…………………………...8

    A. The Alter Ego Doctrine Allows for Personal Liability Against Individual Defendants. ......................................................................................8

    B. The Elements of Alter Ego Have been Properly Pled………………8

V. PLAINTIFF'S HAVE PROPERLY PLED A CLAIM FOR UNFAIR COMPETITION………………………………………………………..…...9

    A. Plaintiff Has Standing To Sue Under the UCL………………….....9

    B. The UCL is not Limited to Anti-trust Violations and the Like…..10

VI. A VALID CLAIM FOR CIVIL CONSPIRACY HAD BEEN PLED…..11

VII. CONCLUSION………………………………………………………11

# TABLE OF AUTHORITIES

**Cases**

*Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court (First Transit, Inc.)* 46 Cal.4th 993, 1000 (2009)……………………………………….10

*Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.* 583 F.2d 426, 429 (9th Cir. 1978)……………………………………………………………………………….3

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)………..3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)……………………….3

*Boland, Inc. v. Rolf C. Hagen (USA) Corp.*, 685 F. Supp. 2d 1094, 1110 (E.D. Cal. 2010………………………………………………………………………………..10

*Boschma v. Home Loan Center, Inc.*, 198 Cal.App.4th 230, 248 (2011)………..4

*Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)………………………….2

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* 20 Cal.4th 163, 180 (1999)…………………………………………………………………10

*Clerkin v. MyLife.com, Inc.* No. C 11-00527 CW, 2011 WL 3607496, at 6 (N.D. Cal. Aug. 16, 2011)……………………………………………………………….. 10

*Click Media LLC v. Regus Mgmt. Grp. LLC*, 2015 U.S. Dist. LEXIS 148374, *13-*14 (N.D. Cal. 2015)……………………………………………………………..10

*Comercializadora Recmaq Limitada v. Hollywood Auto Mall, LLC.*, No. 12cv0945, 2013 U.S. Dist. LEXIS 71292, 2013 WL 2248140 at *6, 10, 11 (S.D. Cal. May 20, 2013)……………………………………………………………………………….10

*De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978)………………………..2

*Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003)..3

*Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992)…………………10

*Hal Roach Studios v. Richard Feiner & Co.* 883 F.2d 1429, 1441 n.19 (8th Cir. 1989)……………………………………………………………………………….3

*Hennessey's Tavern, Inc. v. American Air Filter Co.*, 204 Cal. App. 3d 1351,

1358 (1988)..........................................................................................8

*Ingels v. Westwood One Broadcasting Servs. Inc.*, 129 Cal.App.4th 1050, 1060 (2005).................................................................................................10

*James v. UMG Recordings*, Nos. C 11-1613 SI, C 11-2431 SI, 2011 U.S. Dist. LEXIS 126221, 2011 WL 5192476 at *5 (N.D. Cal. Nov. 1, 2011) ............10

*Kelly L. Hall v. Fedex Freight, Inc.*, 2014 U.S. Dist. LEXIS 16824 at *30- *33 (E.D. Cal. Feb. 10, 2015)..........................................................................5,6

*Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985)...........................8,9

*Mosier v. Southern California Physicians Insurance Exchange*, 63 Cal.App.4th 1022, 1048 (1998). ....................................................................................*10.*

*Nishimatsu Const. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).........................................................................................................3

*Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir. 1981).....................*3*

*Randi W. v. Muroc Joint Unified School Dist.*, 14 Cal.4th 1066, 1081-1084 (1997).....................................................................................................6

*Rowland v. Christian* 69 Cal. 2d 108, 112 (1968).......................................5

*Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 526, (2000)..9

*Taylor v. Newton*, 117 Cal.App.2d 752, 757 (1953)..................................8

**Statutes**

Fed. R. Civ. P. 12(b)(6) ...............................................................................2

Cal. Bus. & Prof. Code §17201....................................................................9

Cal. Bus. & Prof. Code § 17204...................................................................9

CA Corp. Securities Code Section§ 25109, 25401 25402, 25403..................4

Civ. Code, § 1714........................................................................................5

**Authorities**

CACI No. 1901-Concealment.......................................................................4

CACI No. 3600-Conspiracy Essential Elements..........................................11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INITIAL STATEMENT.

This motion to dismiss of Bergstein and Sher is filed in conjunction with two separate motions filed by defendants Integrated Administration, Inc. and Kia Jam (Doc. 25), on the one hand, and Nailed Loan Acquisition Company, Inc. (Doc. 35), on the other hand, based on identical verbatim grounds, though the only party challenging the action for fraud is Defendant Sher. (Indeed, all Defendants tacitly admit that Plaintiff has pled a cause of action for fraud against all other parties by virtue of their failure to seek dismissal of the claim on behalf of the other parties.)

Defendants seek to dismiss the fraud (and negligent misrepresentation) claim against Sher because Plaintiff makes no allegation of any affirmative misrepresentation. Defendants seek to dismiss the breach of contract claims against the individual defendants since they were not parties. Defendants seek to dismiss the UCL claim on the basis of their claim that Defendant has no standing and the UCL is limited to antitrust type claims, and requires particularity in pleading. Finally, Defendants claim Plaintiffs claim for civil conspiracy is too general.

The court should deny Defendants motion because (i) Plaintiff has stated a valid claim for fraudulent and/or negligent concealment against Defendants, (ii) Plaintiff is entitled to seek relief against the individual parties to the contracts on the basis of alter ego theory, (iii) Plaintiff has standing under the UCL as an individual and the scope of the UCL broadly applies to wrongful acts and (iv) Plaintiff has set forth a valid claim for civil conspiracy.

### II. LEGAL STANDARD.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the pleadings.. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating the motion, the court must construe the pleadings in the light most favorable to the non-moving party, accepting as true all material allegations in the complaint and any reasonable inferences drawn therefrom. See, e.g., *Broam v.*

1  *Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). The Supreme Court has held that in
2  order to survive a 12(b)(6) motion, "[f]actual allegations must be enough to raise a
3  right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S.
4  544, 555 (2007). The court should grant 12(b)(6) relief only if the complaint lacks
5  either a "cognizable legal theory" or facts sufficient to support a cognizable legal
6  theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

7  Generally, a court may only consider allegations made in the complaint.
8  Extrinsic factual material may not be taken into account. *Powe v. City of Chicago*,
9  664 F.2d 639, 642 (7th Cir. 1981). However, materials properly attached to a
10 complaint as exhibits may be considered for purposes of Rule 12(b)(6). *Hal Roach
11 Studios v. Richard Feiner & Co.* 883 F.2d 1429, 1441 n.19 (8th Cir. 1989); *Amfac
12 Mortgage Corp. v. Arizona Mall of Tempe, Inc.* 583 F.2d 426, 429 (9th Cir. 1978);
13 Fed. R. Civ. P. 10(c) ("[a] copy of any written instrument which is an exhibit to a
14 pleading is a part thereof for all purposes"). Moreover, if the allegations in the
15 complaint are contradicted by the attached documents, a court may dismiss the
16 claims under Rule 12(b)(6). *Nishimatsu Const. Co. Ltd. v. Houston Nat'l Bank*, 515
17 F.2d 1200, 1206 (5th Cir. 1975).

18 If a court should grant a motion to dismiss for failure to state a claim, the
19 court has discretion to allow leave to amend the complaint pursuant to Federal Rule
20 of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is
21 not appropriate unless it is clear ... that the complaint could not be saved by
22 amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th
23 Cir.2003).

24 **III. THE COMPLAINT STATES A VALID CLAIM FOR FRAUD (AND
25 NEGLIGENT MISRPERESENTATION) AGAINST SHER AS A
26 CONCEALMENT CLAIM.**

27  A. **Overview of Elements of a Concealment Claim.**

28

"[T]he elements of an action for fraud and deceit based on a concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Boschma v. Home Loan Center, Inc.,* 198 Cal.App.4th 230, 248 (2011); See, CACI No. 1901-Concealment.

**B. The Duty Sher Owed to Nasso.**

1. **Sher owed a duty to Nasso under the CA securities laws**.

Applicable California securities laws are codified in CA Corp. Securities Code Section ("CCSC") 25109, 25401 and 25402, 25403. The CCSC defines the term "Security" to mean "any note...guarantee of...any of the foregoing."

**Thus, the Note and Guarantee are securities within the definition of a security under the CCSC.**

CCSC §25401 provides that it is "unlawful for any person to offer or sell a security in this state or buy or offer to buy a security in this state by means of any written or oral communication which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make their statements made, in the light of the circumstances which they were made, not misleading."

**Thus, Scher clearly had a duty to Nasso under the CCSC in connection with the Note and Guaranty and entire transaction.** (Further, CCSC §25402 and §25403 impose a duty.).

2. **Sher owed a duty to Nasso under general CA law**.

In this state, the general rule is all persons have a duty to use ordinary care to prevent others from being injured as the result of their conduct. *Rowland v. Christia,* 69 Cal. 2d 108, 112 (1968); see Civ. Code § 1714.

**C. The Law if Clear that Even Non-Fiduciaries have a Duty to Refrain from Non-Disclosures Through Half-Truths.**

The recent case of *Kelly L. Hall v. Fedex Freight, Inc.*, 2014 U.S. Dist. LEXIS 16824 at *30- *33 (E.D. Cal. Feb. 10, 2015) sets forth the legal standard applicable to a fraud claim based on concealment in the absence of a conventional duty to disclose:

> "Withholding material information can constitute fraud through concealment or suppression, as the active concealment of facts by a nonfiduciary is the equivalent of a false representation. *Vega v. Jones, Day, Reavis & Pogue, 121 Cal. App. 4th 282, 291, 17 Cal. Rptr. 3d 26 (2004)*. Even where all affirmative statements are true, suppressing or failing to provide other material information that affects the statement is actionable as deceit. *Lovejoy v. AT&T Corp., 92 Cal. App. 4th 85, 95, 111 Cal. Rptr. 2d 711 (2001)* ("Not every fraud arises from affirmative misstatements of material fact."). Pursuant to *Section 1709 of the California Civil Code*, "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damages which he thereby suffers." "A deceit, within the meaning of *[Section 1709]*, is . . . suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead [*31] for want of communication of that fact . . . ." *Cal. Civ. Code § 1710*. The elements of an action for fraud and deceit based on concealment include the following: (1) a misrepresentation (through false representation, concealment, or nondisclosure); (2) the defendant was under a duty to disclose; (3) the defendant intentionally concealed with the intent to defraud (i.e., to induce reliance); (4) the plaintiff acted in justifiable reliance; and (5)

there was resulting damage to the plaintiff...A fraudulent representation based on concealment requires there be a duty to provide the information withheld.

[While] a duty to disclose a material fact normally arises only where there exists a confidential relation between the parties or other special circumstances require disclosure, when one does speak he must speak the whole truth to the end that he does not conceal any facts which materially qualify those stated . . . One who is asked for or volunteers information must be truthful, and the telling of a half-truth calculated to deceive is fraud.

*Cicone v. URS Corp.*, 183 Cal. App. 3d 194, 201, 227 Cal. Rptr. 887 (1986) (citations omitted)."

Thus in *Hall v. Fedex,* when Fedex drivers were truthfully told they would receive runs with seniority at the time of transfer, the alleged failure to disclose a planned change in operations that would impact this seniority known to Fedex but undisclosed to transferring drivers, was held to constitute a valid pleading for a claim for concealment. (Id at *Hall v. Fedex*).

Finally, the above analysis applies equally to Plaintiff's claim for negligent misrepresentation. See *Randi W. v. Muroc Joint Unified School Dist.,* 14 Cal.4th 1066, 1081-1084 (1997), where our CA Supreme court held that when the defendant purports to convey the "whole truth" about a subject, " 'misleading half-truths' " about the subject may constitute positive assertions for the purpose of negligent misrepresentation.

**D. Plaintiff Has Stated A Valid Claim Against Sher For Fraudulent Concealment and Negligent Misrepresentation Based on Negligent Concealment.**

1  The crux of Sher's argument is that Sher did not make any false representations
2  through affirmative statements, rather than false representations based on
3  concealment of material information.
4  However, though the complaint does not expressly identify Plaintiff's fraud
5  claim against Sher as based on concealment, every element of a claim for fraud
6  based on concealment is contained in the complaint when construed as a whole.
7  The complaint alleges, *inter alia*, that: (i) Sher "prepared, executed and
8  delivered" the operative documents, including without limitation a Copyright
9  Mortgage and Assignment from Nailed Loan to Nasso which was a "material
10 inducement for Nasso to invest" (Comp. ¶ 24); (ii) The Copyright Mortgage and
11 Assignment purports to: "grant...and transfer for security, all right, title and interest
12 of every kind and nature, without limitation, in and to all copyrights...in the
13 screenplay...entitled "Nailed," ; (iii) There is no mention in any document provided
14 by Sher to Plaintiff that "Defendants had previously encumbered the Picture as well
15 as the copyright therein to secure substantial prior loans from other parties and/or
16 did not own the rights in the copyright..." (Comp. ¶ 25); (iv) each Defendant was
17 acting with the permission, consent and knowledge of the other defendants in doing
18 the acts alleged herein (Comp. ¶38) and (v) the loan transaction meets to bring it
19 within the rubric of the CCSC anti-fraud laws.
20 Accordingly, read as a whole, the complaint alleges Sher wrongfully
21 concealed information about the extent and value of the purported security interest
22 in the Film when Sher supplied misleading loan documents to Nasso stating that
23 there was a security interest and/or without specifying the existence of other security
24 interests. When Sher provided a contract representing a security interest, he was
25 required to speak the whole truth and disclose that there were prior liens and/or that
26 the company did not own the copyright.
27 **IV.  PLAINTIFF'S ALTER EGO ALLEGATIONS SUPPORT PERSONAL**
28 **LIABILITY AGAINST SHER AND BERGSTEIN.**

### A. The Alter Ego Doctrine Allows for Personal Liability Against Individual Defendants.

Plaintiff's complaint very clearly alleges that the basis for liability for breach of contract against the individual defendants is based on alter ego. (Comp. ¶¶53, 59.)

The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests such that the court disregards the corporate entity and holds individuals liable for the actions of the corporation." *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985). "An alter ego defendant has no separate primary liability to the plaintiff. Rather, plaintiff's claim against the alter ego defendant is identical with that claimed by plaintiff against the already-named defendant." *Hennessey's Tavern, Inc. v. American Air Filter Co.*, 204 Cal. App. 3d 1351, 1358 (1988). Indeed, a claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract… but rather, procedural, i.e., to disregard the corporate entity as a distinct defendant and to hold the alter ego individuals liable on the obligations of the corporation where the corporate form is being used by the individuals to escape personal liability, sanction a fraud, or promote injustice. *Taylor v. Newton*, 117 Cal.App.2d 752, 757 (1953).

As such, Defendants incorrectly assert that non-signatories may not be liable for breaches of the operative contracts to which entities are a party.

### B. The Elements of Alter Ego Have been Properly Pled.

In order for the doctrine to come into play, two elements must be alleged: "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. (Plaintiffs so allege in ¶39B). Second, there must be an inequitable result if the acts in question are treated as those of the corporation

alone." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 526, (2000); *Mesler, supra,* 39 Cal. 3d at 300 (Plaintiff so alleges in ¶39D).

*Nucal Foods Inc. v. Quality Egg, LLC* cited by Defendants does not support dismissal of Plaintiff's alter ego claims. First, *Nucal* is inapposite. This case arose in the context of motion to dismiss for personal jurisdiction, which was a *quasi* evidentiary matter where the burden was on the plaintiff to demonstrate jurisdiction.

Here, personal jurisdiction is not at issue and the court must accept the truthfulness of the allegations of Plaintiff in the complaint in the light most favorable to Plaintiff in the motion herein. Next, *Nucal* found the allegations deficient because there were no allegations that the entities were underfunded, which is not the case here (see ¶39), nor were there any allegations of fraud, which is not the case here (see ¶53, 59).

## V. PLAINTIFF HAS PROPERLY PLED A CLAIM FOR UNFAIR COMPETITION.

### A. Plaintiff Has Standing To Sue Under the UCL.

Defendants claim that Plaintiff has no standing to bring a UCL claim as it is essentially not a consumer. (MTD at p.9, lns 22-23)

However, the UCL expressly permits claims to be brought by any "person" which it defines to include "natural person, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons." Cal. Bus. & Prof. Code §§17201, 17204.

An action may be brought under the Unfair Business Practices Act if a person lost money or property as a result of the unfair competition" Cal. Bus. & Prof. Code §17204. *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court (First Transit, Inc.)* 46 Cal.4th 993, 1000 (2009).

Thus, in *Click Media LLC v. Regus Mgmt. Grp. LLC*, 2015 U.S. Dist. LEXIS 148374, *13-*14 (N.D. Cal. 2015), the court rejected the same argument made that plaintiffs did not have standing.

B.  **The UCL is not Limited to Anti-trust Violations and the Like.**

The scope of section 17200 is broad, encompassing "anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* 20 Cal.4th 163, 180 (1999).

Put simply, a practice is "unlawful" if it violates a law other than the UCL. The UCL "borrows" violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under the UCL." *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992); *Clerkin v. MyLife.com, Inc.* No. C 11-00527 CW, 2011 WL 3607496, at 6 (N.D. Cal. Aug. 16, 2011) ("Violation of almost any federal or local law may serve as the basis for a UCL claim."). Moreover, "An act that breaches a contract may also breach the UCL . . . when the act is unfair, unlawful or fraudulent for some additional reason." *James v. UMG Recordings*, Nos. C 11-1613 SI, C 11-2431 SI, 2011 U.S. Dist. LEXIS 126221, 2011 WL 5192476 at *5 (N.D. Cal. Nov. 1, 2011) (quoting *Boland, Inc. v. Rolf C. Hagen* (USA) Corp., 685 F. Supp. 2d 1094, 1110 (E.D. Cal. 2010)); *Comercializadora Recmaq Limitada v. Hollywood Auto Mall, LLC.*, No. 12cv0945, 2013 U.S. Dist. LEXIS 71292, 2013 WL 2248140 at *6, 10, 11 (S.D. Cal. May 20, 2013)

C.  **Plaintiff's Fraud Allegations are Alleged with Sufficient Particularity.**

If Plaintiffs' fraud claim is found to be defective, Plaintiffs' UCL claim fails. *Ingels v. Westwood One Broadcasting Servs. Inc.*, 129 Cal.App.4th 1050, 1060 (2005). However, the only part challenging Plaintiff's fraud claim is Defendant Sher and this matter as analyzed *supra*.

VI.  **A VALID CLAIM FOR CIVIL CONSPIRACY HAD BEEN PLED.**

"The elements of a civil conspiracy are '(1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage

resulting." *Mosier v. Southern California Physicians Insurance Exchange,* 63 Cal.App.4th 1022, 1048 (1998).

In California, a civil conspiracy is shown by proving the commission of an underlying tort, that harmed the plaintiff, for which the defendants are responsible involving joint awareness of the actions of each co-conspirator and the agreement and intention to so act with each co-conspirator. (CACI No.3600-Conspiracy Essential Elements.)

Here, Plaintiff has alleged a valid conspiracy arising out of:

- fraud/negligence (Comp. ¶¶1-49)

- that damaged Plaintiff by $600,000 pursuant to a scheme that they intended to defraud him by (Comp. ¶67); and

-on the basis of acting in concert as each others' agent and with knowledge and permission. (Comp. ¶38).

**VII. CONCLUSION.**

For the foregoing reasons, Plaintiff respectfully requests the court deny Defendants motion to dismiss. Alternatively, Plaintiff should be granted leave to amend.

Respectfully Submitted,

By/s/ Bret D. Lewis
Name: Bret D. Lewis
Attorney for Julius Nasso

Date: March 3, 2016

PROOF OF SERVICE

I, Bret D. Lewis, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12304 Santa Monica Blvd.—107A, Los Angeles, California 90025. On March 4, 2016, I served a copy of the within document(s):

 ¨ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

 ¨ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

 ¨ by placing the document(s) listed above in a sealed FedEx envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

 x by ELECTRONIC MAIL, I caused the document(s) listed above to be served on the parties via CM/ECF email.

  tkissane@schlamstone.com
  pglaser@glaserweil.com
  jbasinger@glaerweil.com
  cchan@glaserweil.com
  hnj@smbgroup.com
  phl@smbgroup.com

 I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

 I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

 Executed on March 4, 2016, at Los Angeles, California.

           /s/ Bret D. Lewis