PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
G.JILL BASINGER - State Bar No. 195739
jbasinger@glaserweil.com
RICHARD W. BUCKNER - State Bar No. 102545
rbuckner@glaserweil.com
CAMILLA Y. CHAN - State Bar No. 241674
cchan@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants
David Bergstein and Eugene Scher

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JULIUS R. NASSO, an individual, | Case No. 15-CV-08534-DMG (GJSx) |
| Plaintiff, | Hon. Dolly M. Gee |
| v. | **DEFENDANTS BERGSTEIN AND SCHER'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT** |
| INTEGRATED ADMINISTRATION, INC, an entity of unknown origin, ET AL., | |
| Defendants. | DATE: March 26, 2016<br>TIME: 9:30 a.m.<br>COURTROOM: 7 |

**Table of Contents**

I.    INTRODUCTION ................................................................................................ 1
II.   ARGUMENT ...................................................................................................... 2
     A.   Plaintiff Has Not Stated Any Claim for Concealment Against Scher .......................................................................................................... 2
          1.   The Complaint Failed to Provide Notice That Plaintiff's Alleged Fraud and Negligent Misrepresentations Claims Were Based on Concealment ........................................................ 2
          2.   Plaintiff Has Not Plead a Concealment Claim Under California Law ................................................................................ 3
          3.   Scher's Alleged Concealment of Material Information Cannot Form the Basis of a Claim for Negligent Misrepresentation ................................................................................ 5
     B.   There Is No Basis for Plaintiff's Claim for Breach of Contract Based Upon an Alter Ego Theory of Liability ...................................... 6
     C.   Plaintiff's Arguments Does Not Support the Existence of an Unlawful Competition Claim Against Defendants .............................. 7
     D.   Aside From the Naked Assertion That Plaintiff Has Pled a Claim for Civil Conspiracy, Plaintiff's Opposition Points to No Facts To Support His Claim .......................................................................... 8
III.  CONCLUSION ................................................................................................... 9

**STATE CASES**

*Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC*,
   158 Cal. App. 4th 226 (2007) ........................................................................ 5

*Boschma v. Home Loan Center, Inc.*,
   198 Cal. App. 4th 230 (2011) ........................................................................ 3

*Evan F. v. Hughson United Methodist Church*,
   8 Cal. App. 4th 828 (1992) ............................................................................ 5

*SCC Acquisitions, Inc. v. Central Pacific Bank*,
   207 Cal. App. 4th 859 (2012) ........................................................................ 4

*Yanase v. Automobile Club of So. Cal.*,
   212 Cal. App. 3d 468 (1989) ......................................................................... 6

**RULES**

Fed. R. Civ. P. 9 ................................................................................................. 3

**FEDERAL CASES**

*Blizzard Entmt. Inc. v. Ceiling Fan Software LLC*,
   28 F. Supp. 3d 1006 (C.D. Cal. 2013) ........................................................... 8

*Friedman v. Younger*,
   46 F.R.D. 444 (C.D. Cal. 1969) .................................................................... 9

*Gerritsen v. Warner Bros. Entmt Inc.*,
   112 F. Supp. 3d 1011 (C.D. Cal. 2015) ......................................................... 6

*In re Hydroxycut Marketing & Sales Practices Litig.*,
   299 F.R.D. 648 (S.D. Cal. 2014) ................................................................... 5

*Rockridge Trust v. Wells Fargo, N.A.*,
   985 F. Supp. 2d 1110 (N.D. Cal. 2013) ..................................................... 7, 8

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ....................................................................... 2

*United Bros. of Carpenters & Joiners of Am. v. Building and Const. Trades Dept., AFL-CIO*,
   770 F.3d 834 (9th Cir. 2014) ......................................................................... 9

## I. INTRODUCTION

On its face, Plaintiff Julius R. Nasso's ("Plaintiff") Complaint fails to state any claim against Defendant Eugene Scher ("Scher"). The Complaint also fails to state claims for breach of contract, violation of California's unfair competition law, and civil conspiracy against Defendant David Bergstein ("Bergstein," together with Scher, "Defendants"). Plaintiff's Opposition ("Opposition") to Defendants' Motion to Dismiss ("Motion") does nothing to salvage his defective claims.

In their Motion, Defendants pointed out that, when Scher made the alleged misrepresentations, Plaintiff had already made his loan to Defendant Integrated Administration, Inc. ("Integrated"). Recognizing that he could not have relied upon Scher's alleged after the fact statements, Plaintiff has now switched theories, claiming that his fraud and negligent misrepresentation claims against Scher are not based on affirmative statements by Scher, as alleged in the Complaint, but instead are based on concealment: Plaintiff now says (but has not pleaded in the Complaint) that Scher defrauded him by executing and delivering the Copyright Mortgage and Assignment ("Copyright Assignment") on behalf of Defendant Nailed Loan Acquisition, LLC ("Nailed Loan") without disclosing to Plaintiff the existence of prior liens. Plaintiff's new concealment theory is untenable. It must be dismissed, if for no other reason, because it has not been pleaded. But, in fact, the concealment theory, even if pleaded, would fail. First, Scher had no duty to disclose the existence of prior liens to Plaintiff. Second, Scher's execution of the Copyright Assignment does not give rise to the intent required for fraud. Third, Plaintiff suffered no damage arising from Scher's alleged concealment. Finally, Scher's alleged silence cannot form the basis of a negligent misrepresentation claim.

As set forth in the Motion, there is no basis for imposing liability for breach of contract on Scher or Bergstein. Neither Scher nor Bergstein were parties to the agreements at issue. Plaintiff's argument that Scher and Bergstein are alter egos of the companies that entered into the Loan Agreement and Guaranty Agreement simply

is not supported by the facts alleged in the Complaint. Plaintiff's vague and conclusory allegations are insufficient to support the imposition of alter ego liability on Defendants.

Plaintiff also has not stated a claim for unfair competition under California law ("UCL"). It is evident from the Opposition that Plaintiff's claim arises from a fundamental misunderstanding of California's UCL. As set forth in the Motion, Plaintiff has not stated a valid UCL claim against Defendants, and Plaintiff's Opposition fails to raise any argument overcoming that conclusion.

Like his alter ego allegations, Plaintiff's civil conspiracy claim is based upon nothing more than conclusory statements. As set forth in the Motion, Plaintiff's formulaic recitations and conclusory statements are not sufficient to support his civil conspiracy claim.

Because Plaintiff fails to state facts to support any claim against Scher, the Complaint against Scher should be dismissed with prejudice in its entirety. Plaintiff also fails to plead claims for breach of contract, breach of guaranty agreement, violations of California's unfair competition law, or civil conspiracy against Bergstein. Defendants respectfully request that Plaintiff's third, fourth, fifth, and sixth claims against Bergstein also be dismissed with prejudice.

## II.     ARGUMENT

### A.     Plaintiff Has Not Stated Any Claim for Concealment Against Scher

#### 1.     The Complaint Failed to Provide Notice That Plaintiff's Alleged Fraud and Negligent Misrepresentations Claims Were Based on Concealment

"Allegations in a complaint [] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In his Opposition, Plaintiff acknowledges that the Complaint "does not expressly identify Plaintiff's fraud claim

against Sher [*sic*] as based on concealment…" Opp., 7:4-5.[1] But Plaintiff's defect is more than a simple omission. In his Complaint, Plaintiff affirmatively asserted that "Defendants made the ***above-mentioned false representations*** to Plaintiff" in support of his fraud and negligent misrepresentation claims." Complaint, ¶¶ 43, 47. It is clear that Plaintiff, now faced with the reality that Scher made no misrepresentations that induced him to provide a loan to Integrated, is attempting to switch theories – all while having alleged no facts to support this new theory.

### 2. Plaintiff Has Not Plead a Concealment Claim Under California Law

Even if Plaintiff's pleading defect were not fatal to his fraud and negligent misrepresentation claims against Scher, Plaintiff failed to allege facts to support a claimed based on concealment. Specifically, Plaintiff now claims that Scher did not disclose to Plaintiff that the copyright in the Picture had been previously encumbered to secure prior loans. Opp., 7:13-16. That appears to be the entirety of Plaintiff's new concealment theory against Scher.

Under California law, the elements of a claim for fraud by concealment are:

> (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.

*Boschma v. Home Loan Center, Inc.*, 198 Cal. App. 4th 230, 248 (2011). Moreover, these elements cannot be pleaded generally or in a conclusory manner: the fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b).

---

[1] Because Plaintiff fails to make even a cursory attempt to argue that the statements alleged in the Complaint form the basis for his fraud and negligent misrepresentation claim against Scher, Defendants can only assume that he no longer contends that the claims against Scher are based upon affirmative misrepresentations.

First, Scher had no duty to disclose any facts to Plaintiff. Under California law, a duty to speak may arise in one of four ways: "it may be directly imposed by statute or other prescriptive law; it may be voluntarily assumed by contractual undertaking; it may arise as an incident of a relationship between the defendant and the plaintiff; and it may arise as a result of other conduct by the defendant that makes it wrongful for him to remain silent." *SCC Acquisitions, Inc. v. Central Pacific Bank*, 207 Cal. App. 4th 859, 860 (2012). Plaintiff attempts to create a duty, imposed by California securities law, by arguing that Scher sold securities to him. But that is not pleaded in the Complaint, and it is not true. Scher did not sell or offer to sell to Plaintiff a security interest in the Picture or the loan guarantee. Rather, Scher executed two documents – the Copyright Assignment and the Loan Guarantee – in connection with Plaintiff's loan. Complaint, ¶24. This conduct does not constitute the sale of securities and does not implicate California's securities laws.

Plaintiff also contends that by executing the Copyright Assignment, Scher made representations regarding the nature of the security interest that was transferred, and as a result, Scher had an obligation to disclose the "whole truth" regarding the security interest, suggesting that the Copyright Assignment contained "half truths." However, the Copyright Assignment makes no reference to other liens on the copyright of the Picture. Plaintiff's contention that Copyright Assignment's language granting and transferring as security "all right, title and interest of every kind and nature, without limitation, in and to all copyrights…in the screenplay…entitled "Nailed" is not sufficient to constitute a "half truth," especially when the Collateral is described only as Nailed Loan's "right, title and interest" in the Picture. *See* Complaint, Exh. 2, p. 3. Plaintiff had an obligation to determine the nature of Nailed Loan's interest in the first place before accepting the security interest.[2]

---

[2] Plaintiff could have discovered that there were prior secured liens on the copyright for the Picture by searching the public records. *See, e.g.,* Request for Judicial Notice, Exhs. A & B (UCC Financing Statements filed and recorded with the Delaware Secretary of State).

Second, the allegations in the Complaint are insufficient to show that Scher intended to deceive Plaintiff. "A plaintiff must allege sufficient facts to support an inference or render plausible that the defendant acted with the requisite intent." *In re Hydroxycut Marketing & Sales Practices Litig.*, 299 F.R.D. 648, 659 (S.D. Cal. 2014). Here, Plaintiff alleges that Scher's liability arises because, as manager of Nailed Loan, he signed the Copyright Assignment, which did not disclose the existence of prior liens on the Picture. The omission of statements in a document, which Scher executed in his capacity as manager of Nailed Loan for the purpose of granting the security interest to Plaintiff, does not support a reasonable inference that Scher was acting with intent to deceive Plaintiff.

Third, Plaintiff was not damaged by Scher's alleged failure to disclose the existence of other liens on the Picture. Plaintiff has not alleged that he attempted to foreclose on his security interest in the Picture. Nor has he alleged any facts to show that prior liens in any way affected his ability to collect on his loan. Accordingly, Scher's alleged concealment of prior security liens on the Picture did not cause any of the damage that Plaintiff seeks to recover.

As a result, Plaintiff's claim for fraud and negligent misrepresentation based on concealment should be dismissed with prejudice.

### 3. **Scher's Alleged Concealment of Material Information Cannot Form the Basis of a Claim for Negligent Misrepresentation**

Even if Plaintiff's allegations of concealment amounted to a fraud claim against Scher, they cannot form the basis of a negligent misrepresentation claim. Under California law, "[t]he tort of negligent misrepresentation requires a 'positive assertion' and does not apply to implied misrepresentations." *Evan F. v. Hughson United Methodist Church*, 8 Cal. App. 4th 828, 840 n. 2 (1992); *see also Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007) ("a positive assertion is required [to support a claim for negligent misrepresentation]; an omission or an implied assertion or representation is not sufficient); *Yanase v.*

*Automobile Club of So. Cal.*, 212 Cal. App. 3d 468, 472-73 (1989) (holding that tort of negligent misrepresentation requires a positive assertion, and cannot be based upon implied representations). Therefore, even if the Copyright Assignment's failure to mention prior liens constitutes a material omission of fact, such an omission cannot form the basis for a negligent misrepresentation claim. For this additional reason, the second claim for negligent misrepresentation against Scher should be dismissed with prejudice.

### B. There Is No Basis for Plaintiff's Claim for Breach of Contract Based Upon an Alter Ego Theory of Liability

As set forth in Defendants' Motion, the Complaint contains only conclusory allegations of alter ego status, but does not state any facts to support those allegations. It is apparent from the Opposition that there are no such facts.

In his Opposition, Plaintiff does not point to any facts to support his alter ego claim, but refers the Court to the conclusory allegations that form the basis of the Motion. Nor does Plaintiff cite to any law that supports his contention that the conclusory allegations in the Complaint are sufficient to support his alter ego claim.

As set forth in the Motion, mere conclusory allegations of alter ego status are insufficient to establish liability on that basis. "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege ***specific facts*** supporting both of the elements of alter ego liability." *Gerritsen v. Warner Bros. Entmt Inc.*, 112 F. Supp. 3d 1011, 1042 (C.D. Cal. 2015) (emphasis added). In *Gerritsen*, the Court held that the plaintiff failed to allege facts to support her alter ego theory of liability. *Id.* at 1044-46. The plaintiff's allegations that a subsidiary company was "completely dominated, directed, and controlled" by its parent company, that the companies were "shell corporations" wholly owned by defendant, and that the defendant "exercises complete management, control, ownership, and domination" over the companies did not constitute specific facts sufficient to demonstrate a unity of interest among the defendants. *Id.* at 1044-45. Additionally,

1  the plaintiff's conclusory allegation that "the separate personalities of [the two
2  companies] no longer exist and if their acts are not treated as the acts of [the
3  defendant], an inequitable result will follow" did not state facts demonstrating that an
4  inequitable result would follow if an alter ego finding was not made.

5        Here, Plaintiff's similar conclusory assertions, which amount to nothing more
6  than a restatement of the legal factors California courts consider in applying liability
7  based upon alter ego, are insufficient. *See* Complaint, ¶ 39. As a result, there is no
8  basis for imposing liability upon Defendants Bergstein and Scher, who are not parties
9  to the Promissory Note or the Guaranty Agreement. Plaintiff's third and fourth
10 claims for breach of contract should be dismissed with prejudice.

11     **C.** **Plaintiff's Arguments Does Not Support the Existence of an**
12         **Unlawful Competition Claim Against Defendants**

13       Plaintiff's arguments regarding his unlawful competition claim miss the mark
14 entirely. As set forth in the Motion, to establish a violation of section 17200, a
15 plaintiff must establish that defendant's conduct was (a) unlawful, (b) fraudulent, or
16 (c) unfair. *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1165 (N.D.
17 Cal. 2013). For the reasons set forth in the Motion, the Complaint does not allege
18 facts to show that Defendants' conduct was any of these things.

19       On this claim, Plaintiff's Opposition largely focuses on arguments Defendants
20 do not make, presumably to mask his inability to meet the arguments Defendants
21 actually offered. Contrary to Plaintiff's assertion, nowhere in the Motion do
22 Defendants argue that Plaintiff lacks standing. Nor do Defendants argue that
23 California's unfair competition law only applies to antitrust violations. Finally,
24 Plaintiff's assertion that "[i]f Plaintiff's fraud claim is found to be defective,
25 Plaintiffs' UCL claim fails," Opp., 10:21, simply is not an accurate statement of the
26 law.

27       Because Plaintiff's Complaint was hopelessly vague and overbroad,
28 Defendants' Motion addressed each of the prongs under which a UCL claim is

possible and demonstrated that the conduct alleged in the Complaint cannot form the basis of an unlawful competition claim.[3] *See* Motion, 9:23-10:21. Briefly, Plaintiff cannot succeed under fraud prong of California's UCL statute because such a claim exists only where "member of the public are likely to be deceived." *Rockridge Trust*, 985 F. Supp. 2d at 1165. Plaintiff's garden variety fraud claim does not meet that standard. Plaintiff also cannot succeed on the unfair prong of California's UCL statute because Plaintiff has not pled conduct that "threatens an incipient violation of antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Blizzard Entmt. Inc. v. Ceiling Fan Software LLC*, 28 F. Supp. 3d 1006, 1017 n. 12 (C.D. Cal. 2013).

In sum, Plaintiff fails to raise any arguments that support the existence of a valid unlawful competition claim against any of the Defendants. Accordingly, Plaintiff's fifth claim for violations of section 17200 of the California Business and Professions Code must be dismissed with prejudice.

### D. Aside From the Naked Assertion That Plaintiff Has Pled a Claim for Civil Conspiracy, Plaintiff's Opposition Points to No Facts To Support His Claim

In their Motion, Defendants argue that Plaintiff failed to allege facts to support the existence of a civil conspiracy between or among any of the defendants in this action. Moreover, Plaintiff failed to allege facts to demonstrate the scope of the alleged conspiracy, the role that each defendant supposedly played in the alleged conspiracy, or any other facts to answer the basic questions of "who, did what, to whom (or with whom), where, and when?" *United Bros. of Carpenters & Joiners of Am. v. Building and Const. Trades Dept., AFL-CIO*, 770 F.3d 834, 842 (9th Cir.

---

[3] The Motion did not address the unlawful prong of California's UCL statute because there is no indication anywhere in the Complaint that Plaintiff's claim stems from any unlawful conduct by Defendants.

2014). After reviewing Plaintiff's Opposition, these questions remain unanswered.

The Opposition points to no facts to support the existence of a conspiracy. Rather, Plaintiff merely asserts, again in conclusory fashion, that "a valid conspiracy" arose out of "fraud/negligence [] that damaged Plaintiff by $600,000 pursuant to a scheme that they intended to defraud him by [and] on the basis of acting in concert as each other's agent and with knowledge and permission." Opp., 11:8-13. Such conclusory allegations cannot support a claim for civil conspiracy. *Friedman v. Younger*, 46 F.R.D. 444, 447 (C.D. Cal. 1969) ("Conclusionary allegations unsupported by allegations of overt acts in furtherance of the conspiracy are insufficient to constitute a basis for relief.").

Because Plaintiff fails to allege any facts to support the existence of a civil conspiracy, Plaintiff's claim should be dismissed with prejudice.

## III. CONCLUSION

For the reasons stated in the Motion and in this Reply, Defendants respectfully request that the Court dismiss the Complaint against Defendant Scher. Defendants further request that the Court dismiss the Third, Fourth, Fifth, and Sixth claims of the Complaint against Defendant Bergstein. Because Plaintiff has offered nothing to suggest that he could remedy the pleading defects shown in the Motion, dismissal should be with prejudice and without leave to amend.

DATED: March 11, 2016

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: /s/ G. Jill Basinger
PATRICIA L. GLASER
G. JILL BASINGER
RICHARD W. BUCKNER
CAMILLA Y. CHAN
Attorneys for Defendants
David Bergstein and Eugene Scher