Henry N. Jannol, SBN 66309
hnj@smbgroup.com
Paul H. Levine, SBN 82297
phl@smbgroup.com
LAW OFFICES OF HENRY N. JANNOL
A PROFESSIONAL CORPORATION
10850 Wilshire Boulevard
Suite 825
Los Angeles, California 90024-4644
T:     310/552-7500
F:     310/552-7552

Attorneys for Defendant
Nailed Loan Acquisition Company, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS R. NASSO, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>INTEGRATED ADMINISTRATION, INC, an entity of unknown origin, ET AL.,<br><br>    Defendants. | CASE NO.: 15-CV-08534-DMG (GJSx)<br><br>Hon. Dolly M. Gee<br><br>**REPLY BY DEFENDANTS KIARASH JAM, INTEGRATED ADMINISTRATION, INC., AND NAILED LOAN ACQUISITION COMPANY, LLC'S TO PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[FED. R. CIV. P. RULE 12(b)(6)]**<br><br>DATE:          March 25, 2016<br>TIME:           9:30 a.m.<br>COURTROOM:   7 |

# Table of Contents

I.   Introduction ................................................................................. 1

II.  Argument ..................................................................................... 2

    A. There Is No Basis for Plaintiff's Claims for Breach of Contract
    and Breach of Guaranty Based upon an Alter Ego Theory of
    Liability ................................................................................... 2

    B. Plaintiff's Arguments Do Not Support the Existence of an
    Unlawful Competition Claim against IA, Jam and NLAC ................. 3

    C. Aside From the Naked Assertion That Plaintiff Has Pled a Claim for
    Civil Conspiracy, Plaintiff's Opposition Points to No Facts to Support
    His Claim                                                                                  5

III. Conclusion                                                                                    6

1

## CASES

2

*Blizzard Entmt. Inc. v. Ceiling Fan Software LLC*,
    28 F. Supp. 3d 1006 (C.D. Cal. 2013) ........................................................... 4

*Friedman v. Younger*,
    46 F.R.D. 444 (C.D. Cal. 1969) .................................................................... 5

*Gerritsen v. Warner Bros. Entmt Inc.*,
    112 F. Supp. 3d 1011 (C.D. Cal. 2015) ..................................................... 2,3

*Rockridge Trust v. Wells Fargo, N.A.*,
    985 F. Supp. 2d 1110 (N.D. Cal. 2013) ......................................................... 3

*United Bros. of Carpenters & Joiners of Am. v. Building and Const. Trades Dept.,*
    *AFL-CIO*,
    770 F.3d 834 (9th Cir. 2014)......................................................................... 5

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.     INTRODUCTION

Defendants Integrated Administration, Inc. ("IA"), Kiarash Jam ("Jam") and Nailed Loan Acquisition Company, LLC ("NLAC") hereby file their joint Reply to the respective Oppositions to IA and Jam's and NLAC's separate Motions to Dismiss Complaint. This Reply is jointly filed in light of the fact that the arguments set forth in each respective Motion to Dismiss are identical.

In their respective motions to dismiss (a) defendant Jam asserted that Plaintiff Julius R. Nasso ("Plaintiff") failed to state valid claims for relief against him on the theories of breach of contract, breach of guaranty, unfair competition and civil conspiracy, and (b) defendants IA and NLAC asserted that Plaintiff failed to state a valid claims for relief against both IA and NLAC on the theories of unfair competition and civil conspiracy.

Plaintiff has now filed his respective Oppositions to said Motions to Dismiss, and Plaintiff's Oppositions fail to correct all of the defective claims for relief contained in the Complaint.

As set forth in the IA and Jam Motion, there is no basis for imposing liability for breach of contract (Third Claim for Relief) or breach of guaranty (Fourth Claim for Relief) against Jam, as Jam was not a party to such underlying agreements. Plaintiff pins its hopes of asserting liability for such claims against Jam solely on the bare assertion that Jam is the alter-ego of such contracting parties.  However, to support such claims Plaintiff must allege facts.  Here, Plaintiff's Complaint is devoid of any facts to support such alter-ego liability contention.

As set forth in the IA and Jam Motion and the separate NLAC Motion, Plaintiff also has not stated a valid claim for relief for unfair competition under California law ("UCL") (Fifth Claim for Relief) against IA, Jam and NLAC.  It is evident from the Opposition that Plaintiff's claim arises from a fundamental misunderstanding of California's UCL.  As set forth in the respective Motions, Plaintiff has not stated a valid UCL claim against IA, Jam or NLAC, and Plaintiff's Opposition fails to raise

DEFENDANT NAILED LOAN ACQUISITION COMPANY, LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  any argument overcoming that conclusion.

2       Like his alter ego allegations, Plaintiff's civil conspiracy claim (Sixth Claim for

3  Relief) against IA, Jam and NLAC is based upon nothing more than conclusory

4  statements.  Plaintiff's Complaint sets forth only conclusory statements, which is

5  insufficient to support this claim for relief. What is required by Plaintiff in his

6  Complaint is what is missing – namely, facts.

7       As a result of Plaintiff's failure to state facts to support any claim against Jam

8  for breach of contract, breach of guaranty, violations of California's unfair

9  competition law and civil conspiracy, Jam respectfully submits that the Third, Fourth,

10  Fifth and Sixth Claims for Relief against him should be dismissed with prejudice.

11       As a result of Plaintiff's failure to state facts to support any claims against IA

12  and NLAC for violation of California's unfair competition law and civil conspiracy,

13  IA and NLAC respectfully submit that the Fifth and Sixth Claims for Relief against

14  them should be dismissed with prejudice.

15  **II.**    **ARGUMENT**

16      **A.**    **There Is No Basis for Plaintiff's Claims for Breach of Contract and**

17            **Breach of Guaranty Based upon an Alter Ego Theory of Liability**

18       As set forth in Jam's Motion, the Complaint contains only conclusory

19  allegations of alter ego status, but does not state any facts to support those allegations.

20  It is apparent from the Opposition that there are no such facts.

21       In his Opposition, Plaintiff does not point to any facts to support his alter ego

22  claim, but refers the Court to the conclusory allegations that form the basis of the

23  Motion.  Nor does Plaintiff cite to any law that supports his contention that the

24  conclusory allegations in the Complaint are sufficient to support his alter ego claim.

25       As set forth in the Motion, mere conclusory allegations of alter ego status are

26  insufficient to establish liability on that basis.  "Conclusory allegations of 'alter ego'

27  status are insufficient to state a claim.  Rather, a plaintiff must allege *specific facts*

28  supporting both of the elements of alter ego liability." *Gerritsen v. Warner Bros.*

*Entmt Inc.*, 112 F. Supp. 3d 1011, 1042 (C.D. Cal. 2015) (emphasis added).  In *Gerritsen*, the Court held that the plaintiff failed to allege facts to support her alter ego theory of liability. *Id.* at 1044-46.  The plaintiff's allegations that a subsidiary company was "completely dominated, directed, and controlled" by its parent company, that the companies were "shell corporations" wholly owned by defendant, and that the defendant "exercises complete management, control, ownership, and domination" over the companies did not constitute specific facts sufficient to demonstrate a unity of interest among the defendants. *Id.* at 1044-45.  Additionally, the plaintiff's conclusory allegation that "the separate personalities of [the two companies] no longer exist and if their acts are not treated as the acts of [the defendant], an inequitable result will follow" did not state facts demonstrating that an inequitable result would follow if an alter ego finding was not made.

Here, Plaintiff's similar conclusory assertions, which amount to nothing more than a restatement of the legal factors California courts consider in applying liability based upon alter ego, are insufficient. *See* Complaint, ¶ 39.  As a result, there is no basis for imposing liability upon Defendant Jam who is not a party to the Promissory Note or the Guaranty Agreement.  Plaintiff's Third and Fourth claims for breach of contract and breach of guaranty should be dismissed with prejudice.

**B.    Plaintiff's Arguments Do Not Support the Existence of an Unlawful Competition Claim against IA, Jam and NLAC**

Plaintiff's arguments regarding his unlawful competition claim miss the mark entirely.  As set forth in the Motion, to establish a violation of section 17200, a plaintiff must establish that defendant's conduct was (a) unlawful, (b) fraudulent, or (c) unfair. *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1165 (N.D. Cal. 2013).  For the reasons set forth in the Motion, the Complaint does not allege facts to show that Defendants' conduct was any of these things.

On this claim, Plaintiff's Opposition largely focuses on arguments Defendants do not make, presumably to mask his inability to meet the arguments Defendants

1   actually offered.  Contrary to Plaintiff's assertion, nowhere in the Motion do
2   Defendants argue that Plaintiff lacks standing.  Nor do Defendants argue that
3   California's unfair competition law only applies to antitrust violations.  Finally,
4   Plaintiff's assertion that "[i]f Plaintiff's fraud claim is found to be defective,
5   Plaintiffs' UCL claim fails," Opp., 10:21, simply is not an accurate statement of the
6   law.

7          Because Plaintiff's Complaint was hopelessly vague and overbroad,
8   Defendants' Motion addressed each of the prongs under which a UCL claim is
9   possible and demonstrated that the conduct alleged in the Complaint cannot form the
10  basis of an unlawful competition claim. The Motion did not address the unlawful
11  prong of California's UCL statute in light of the total absence of any contention that
12  moving parties engaged in any unlawful conduct.

13         Plaintiff cannot succeed under fraud prong of California's UCL statute because
14  such a claim exists only where "member of the public are likely to be deceived."
15  *Rockridge Trust*, 985 F. Supp. 2d at 1165.  Plaintiff's garden variety fraud claim does
16  not meet that standard.

17         Plaintiff also cannot succeed on the unfair prong of California's UCL statute
18  because Plaintiff has not pled conduct that "threatens an incipient violation of
19  antitrust law, or violates the policy or spirit of one of those laws because its effects
20  are comparable to or the same as a violation of the law, or otherwise significantly
21  threatens or harms competition." *Blizzard Entmt. Inc. v. Ceiling Fan Software LLC*,
22  28 F. Supp. 3d 1006, 1017 n. 12 (C.D. Cal. 2013).

23         In sum, Plaintiff fails to raise any arguments that support the existence of a
24  valid unlawful competition claim against IA, Jam or NLAC.

25         Accordingly, Plaintiff's Fifth Claim for Relief for violations of section 17200
26  of the California Business and Professions Code must be dismissed with prejudice.

27

28

DEFENDANT NAILED LOAN ACQUISITION COMPANY, LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**C.     Aside From the Naked Assertion That Plaintiff Has Pled a Claim for Civil Conspiracy, Plaintiff's Opposition Points to No Facts to Support His Claim**

In their Motions, IA, Jam and NLAC argue that Plaintiff failed to allege facts to support the existence of a civil conspiracy between or among any of the defendants in this action.  Moreover, Plaintiff failed to allege facts to demonstrate the scope of the alleged conspiracy, the role that each defendant supposedly played in the alleged conspiracy, or any other facts to answer the basic questions of "who, did what, to whom (or with whom), where, and when?"  *United Bros. of Carpenters & Joiners of Am. v. Building and Const. Trades Dept., AFL-CIO*, 770 F.3d 834, 842 (9th Cir. 2014).   Plaintiff's Opposition to the Motions does not answer these unanswered questions.

The Opposition points to no facts to support the existence of a conspiracy. Rather, Plaintiff merely asserts, again in conclusory fashion, that "a valid conspiracy" arose out of "fraud/negligence [] that damaged Plaintiff by $600,000 pursuant to a scheme that they intended to defraud him by [and] on the basis of acting in concert as each other's agent and with knowledge and permission."  Opp., 11:8-13.  Such conclusory allegations cannot support a claim for civil conspiracy.  *Friedman v. Younger*, 46 F.R.D. 444, 447 (C.D. Cal. 1969) ("Conclusionary allegations unsupported by allegations of overt acts in furtherance of the conspiracy are insufficient to constitute a basis for relief.").

Because Plaintiff fails to allege any facts to support the existence of a civil conspiracy, Plaintiff's Sixth Claim for Relief should be dismissed with prejudice.

## III.  CONCLUSION

For the reasons stated in the IA and Jam's Motion and as stated in NLAC's Motion, as well as in this joint Reply, said defendants respectfully request that the Court enter its order dismissing portions of Plaintiff's Complaint, as follows:

1      1. The Third, Fourth, Fifth and Sixth Claims for Relief against Kiarash Jam,

2 with prejudice;

3      2. The Fifth and Sixth Claims for Relief against Integrated Administration and

4 Nailed Loan Acquisition Company with prejudice.

5

6

7 DATED:  March 11, 2016         LAW OFFICES OF HENRY N. JANNOL,

8                                  A PROFESSIONAL CORPORATION

9

10                               By: _____

11                               PAUL H. LEVINE
                                  Attorneys for Defendants

12                                   Integrated Administration, Inc.,
                                  Kiarash Jam, and Nailed Loan Acquisition

13                                   Company, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT NAILED LOAN ACQUISITION COMPANY, LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 10850 Wilshire Boulevard, Suite 825, Los Angeles, California 90024-4644.  On March 11, 2016, I served on the interested parties the foregoing document(s) described as follows:: REPLY BY DEFENDANTS KIARASH JAM, INTEGRATED ADMINISTRATION, INC., AND NAILED LOAN ACQUISITION COMPANY, LLC, TO PLAINTIFF'S OPPOSITIONS TO MOTIONS TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

[ ] BY TRANSMITTING VIA ELECTRONIC TRANSMISSION THE DOCUMENT(S) LISTED ABOVE TO THE EMAIL(S) MAINTAINED BY THE RECIPIENT(S) WITH THE STATE BAR OF CALIFORNIA, OR PROVIDED BY SUCH RECIPIENTS, ON THIS DATE BEFORE 5:00 P.M., WITH NO INDICATION OF ANY ERROR IN TRANSMISSION.

[ ] BY PLACING THE DOCUMENT(S) LISTED ABOVE IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID, IN THE UNITED STATES MAIL AT LOS ANGELES, CALIFORNIA ADDRESSED AS SET FORTH BELOW.

[ ] BY CAUSING SAID ABOVE-REFERENCED DOCUMENT(S) TO BE PERSONALLY DELIVERED TO THE ADDRESSEE SET FORTH BELOW.

[ ] BY OVERNIGHT COURIER FOR DELIVERY THE NEXT BUSINESS MORNING OF THE DOCUMENT(S) LISTED ABOVE TO THE PERSON(S) AT THE ADDRESS(ES) SET FORTH BELOW.

[X] BY ELECTRONICALLY FILING THE FOREGOING WITH THE CLERK OF THE DISTRICT COURT USING ITS ECF SYSTEM PURSUANT TO THE ELECTRONIC CASE FILING PROVISION OF THE UNITED STATES DISTRICT COURT GENERAL ORDER AND THE E-GOVERNMENT ACT OF 2002, WHICH ELECTRONICALLY NOTIFIES SAID PARTIES IN THIS CASE:

| | |
|---|---|
| THOMAS A. KISSANE | TKISSANE@SCHLAMSTONE.COM |
| BRET D. LEWIS | BRETLEWIS@AOL.COM |
| G. JILL BASINGER | JBASINGER@GLASERWEIL.COM |
| CAMILLA Y. CHAN | CCHAN@GLASERWEIL.COM |

I AM READILY FAMILIAR WITH THE FIRM'S PRACTICE OF COLLECTION AND PROCESSING CORRESPONDENCE FOR MAILING.  UNDER THAT PRACTICE IT WOULD BE DEPOSITED WITH THE U.S. POSTAL SERVICE ON THAT SAME DAY WITH POSTAGE THEREON FULLY PREPAID IN THE ORDINARY COURSE OF BUSINESS.  I AM AWARE THAT ON MOTION OF THE PARTY SERVED, SERVICE IS PRESUMED INVALID IF POSTAL CANCELLATION DATE OR POSTAGE METER DATE IS MORE THAN ONE DAY AFTER DATE OF DEPOSIT FOR MAILING IN AFFIDAVIT.

I AM A MEMBER OF THE BAR OF THIS COURT. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE ABOVE IS TRUE AND CORRECT.

EXECUTED ON MARCH 11, 2016, AT LOS ANGELES, CALIFORNIA.

/S/ PAUL H. LEVINE

_____

PAUL H. LEVINE