UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8534 DMG (GJSx)** | Date | February 17, 2017 |
|---|---|---|---|
| Title | *Julius R. Nasso v. Integrated Administration, Inc., et al.* | Page | 1 of 9 |

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| KANE TIEN | | NOT REPORTED |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s) | | Attorneys Present for Defendant(s) |
| None Present | | None Present |

**Proceedings: IN CHAMBERS—ORDER RE MOTIONS TO DISMISS BY DEFENDANTS BERGSTEIN AND SCHER; INTEGRATED ADMINISTRATION, JAM, AND NAILED LOAN ACQUISITION COMPANY [52, 53]**

**I.
PROCEDURAL HISTORY**

On July 15, 2016, the Court granted Defendants Integrated Administration, Inc. ("Integrated Administration"), Nailed Loan Acquisition Company, LLC ("Nailed Loan"), Kiarash Jam, David Bergstein, and Eugene Scher's motions to dismiss with leave to amend. ("July 15, 2016 Order") [Doc. # 46.] Bergstein and Scher now jointly move to dismiss certain claims in Nasso's First Amended Complaint ("FAC"). *See* Doc. ## 47, 52. Likewise, Integrated Administration, Jam, and Nailed Loan jointly move to dismiss a number of claims in the FAC. [Doc. # 53.] Like in the original complaint, the FAC alleges claims for fraudulent misrepresentation; negligent misrepresentation; breach of contract; and breach of guaranty. Unlike the original complaint, the FAC no longer alleges claims for violation of California's Unfair Competition law and civil conspiracy. Instead, the FAC alleges new claims for fraudulent concealment and negligence.

For the reasons set forth below, Defendants' motions to dismiss are **GRANTED**.

**II.
FACTUAL BACKGROUND**

Because a significant portion of Nasso's factual allegations in his FAC are identical to those in his original Complaint, the Court incorporates the factual background from its July 15, 2016 Order. The Court will incorporate any new factual allegations from the FAC as necessary in the discussion below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-8534 DMG (GJSx)** | Date | February 17, 2017 |
| Title | *Julius R. Nasso v. Integrated Administration, Inc., et al.* | Page | 2 of 9 |

### III.
### REQUEST FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 permits a court to take judicial notice of facts not subject to reasonable dispute and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 824, n.3 (9th Cir. 2011) (citing Fed. R. Evid. 201(b)). "A court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal citation omitted). Defendants have submitted a request for judicial notice of the following document in support of their motion:

- Certificate of Status, dated August 16, 2016, issued by the California Secretary of State identifying "Integrated Administration" as an active California Corporation in good standing.

RJN, Ex. B ("Certificate of Status") [Doc. # 52-1]. Because this is a public record, the Court **GRANTS** Defendants' request and takes judicial notice of the Certificate of Status at Exhibit B. The Court **DENIES** Defendants' request for judicial notice of Exhibits A, C, D, and E as moot because it did not rely upon these requested documents to resolve the motion.

### IV.
### LEGAL STANDARD

The Court articulated the legal standard for motions to dismiss in its July 15, 2016 Order and need not repeat it here.

### V.
### DISCUSSION[1]

**A.     Eugene Scher, Nailed Loan Manager**

    **1.     Fraudulent Misrepresentation**

The Court previously articulated the standard for fraudulent misrepresentation in its July 15, 2016 Order. *See* July 15, 2016 Order at 4. As it did in its prior order, the Court finds that

---

[1] The Court discusses only the claims that Defendants raise in their respective motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-8534 DMG (GJSx)** | Date | February 17, 2017 |
| Title | *Julius R. Nasso v. Integrated Administration, Inc., et al.* | Page | 3 of 9 |

Nasso could not have relied upon any alleged representations by Scher in deciding to invest in the Picture because Nasso did not meet with Scher until *after* having invested in the Picture. *Id.*; FAC ¶¶ 30, 31.

Nonetheless, Nasso advances a new theory of liability against Scher based on partnership liability. Specifically, Nasso contends that he has sufficiently alleged a claim for fraudulent misrepresentation against Scher as a result of the fraudulent acts committed by Bergstein and Jam.

    **a.**     **Partnership**

California law defines a partnership as an "association of two or more persons to carry on as coowners a business for profit . . . , whether or not the persons intend to form a partnership." Cal. Corp. Code § 16202(a). "Generally, a partnership connotes co-ownership in partnership property, with a sharing in the profits and losses of a continuing business." *Chambers v. Kay*, 29 Cal. 4th 142, 151 (2002) (internal citations omitted). Subject to certain exceptions, "all partners are liable jointly and severally for all obligations of the partnership." Cal. Corp. Code § 16306(a) ("personal liability").

"Ordinarily, the existence of an actual partnership is evidenced by the right of the respective parties to participate in the profits and losses of the business, the contribution by the partners of either money, property or services and some degree of participation by the partners in the management and control of the business." *Fredianelli v. Jenkins*, 931 F. Supp. 2d 1001, 1020 (N.D. Cal. 2013) (internal quotation marks and citation omitted). "To participate to some extent in the management of a business is a primary element in partnership organization, and it is virtually essential to a determination that such a relationship existed." *Id.*

Here, Nasso fails to sufficiently allege the hallmarks of a partnership between Scher and Integrated Administration or Nailed Loan. For instance, Nasso alleges that only one individual, Bergstein, "invested a substantial sum" in either Integrated Administration or Nailed Loan. FAC ¶ 18. Nasso makes no allegation that Bergstein came together with the other Defendants (i.e., Jam, Scher) "to carry on as coowners a business for profit" nor does he allege facts related to each partner's participation in the management and control of the business. Nasso's conclusory allegation that certain individual defendants (i.e., Scher, Bergstein) served as "a partner in Integrated Partners" is not enough to allege a partnership. *See* FAC ¶¶ 6–7. In fact, Scher himself is never identified in any of the three agreements—the Secured Promissory Note

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-8534 DMG (GJSx)** | Date | February 17, 2017 |
| Title | *Julius R. Nasso v. Integrated Administration, Inc., et al.* | Page | 4 of 9 |

("Note"), the Copyright Mortgage and Assignment, and the Guaranty Agreement—as being affiliated with Integrated Administration.[2]

Accordingly, the Plaintiff has not adequately alleged that Scher can be found liable for the alleged fraudulent acts of Bergstein and Jam because they supposedly all served as partners of Integrated Administration. Opp. at 6 [Doc. # 54]. The Court **GRANTS** Defendants' motion to dismiss Nasso's fraudulent misrepresentation claim against Scher **with leave to amend**.

### 2. Fraudulent Concealment

A successful claim for fraudulent concealment requires a plaintiff to show: (1) defendant concealed a material fact, (2) defendant had duty to disclose the fact, (3) defendant intentionally concealed the fact with the intent to defraud, (4) plaintiff was unaware of the concealed fact and would not have acted as he did if he possessed knowledge, and (5) as a result of the concealment, plaintiff sustained damage. *Kaldenbach v. Mutual of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 850 (2009).

In the absence of a fiduciary relationship between defendant and plaintiff, there are three circumstances when an obligation to disclose may arise: (1) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (2) when the defendant actively conceals a material fact from the plaintiff; and (3) when the defendant makes partial representations but also suppresses some material facts. *See Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 987 (N.D. Cal. 2010) (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997)).

"Although a district court looks to state law to determine the elements of fraud, [the plaintiff] must, in addition, meet the federal standards for pleading such claims with particularity." *Couturier v. Am. Invsco Corp.*, 10 F. Supp. 3d 1143, 1156 (D. Nev. 2014) (Rule 9(b) applies to fraudulent concealment claim); Fed. R. Civ. P. 9(b). Indeed, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 765–66 (9th Cir. 2007).

---

[2] Scher is identified only as the Manager of "Nailed Loan Acquisition Company, LLC, A Delaware Limited Liability Company" in the Copyright Mortgage and Assignment, and the Guaranty Agreement. *See* Doc. # 47-1 (Exs. 1, 2, and 3). Scher was not a signatory to the Note.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8534 DMG (GJSx)** | Date | February 17, 2017 |
|---|---|---|---|
| Title | *Julius R. Nasso v. Integrated Administration, Inc., et al.* | Page | 5 of 9 |

Here, Nasso fails to allege with particularity his fraudulent concealment claim against Scher. Instead, he lumps Scher in with the other defendants, alleging that they concealed existing encumbrances on the Picture. FAC ¶¶ 25–26.[3] Nasso's claim also fails because he alleges that Scher signed the Copyright Mortgage and the Guaranty Agreement as "Manager" of Nailed Loan. *See* FAC ¶ 23. As the Court discussed in its prior order, however, without sufficient allegations that Scher was an alter ego of Nailed Loan, he cannot be held personally liable for fraudulent actions he may have taken on behalf of the company in his managerial capacity. *See id.* (alleging Nailed Loan Acquisition Company, LLC was an entity incorporated in the State of Delaware, which maintained its principal business office in Santa Monica, California); July 15, 2016 Order at 5–6.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss Nasso's fraudulent concealment claim against Scher **with leave to amend**.[4]

### 3. Negligent Misrepresentation

The Court articulated the standard for negligent misrepresentation in its prior order and need not repeat it here. *See* July 15, 2016 Order at 5. As in the original complaint, Nasso still fails to identify a positive assertion—as opposed to a mere omission—made by Scher that induced him to invest in the Picture. As such, the Court **GRANTS** Defendants' motion to dismiss Nasso's negligent misrepresentation claim against Scher **with leave to amend**.

### 4. Negligence

Nasso's negligence claim against Scher is based on his having "failed to omit [sic] material facts" in his dealings with Nasso. FAC ¶ 52. As Defendants point out, Nasso's claim appears to plead negligent concealment or nondisclosure, a cause of action not recognized under California law. *See* July 15, 2016 Order at 5 ("Unlike a claim for fraud, a claim for negligent misrepresentation 'requires a positive assertion,' not merely an omission."); *Regents of the Univ. of Cal. v. Principal Fin. Group*, 412 F. Supp. 2d 1037, 1045 (N.D. Cal. 2006) ("California negligent misrepresentation law, however, does not impose liability for negligent omissions; some 'positive assertion' is required."); *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc.*,

---

[3] The parties briefed whether or not the documents at issue constitute a security, such that a duty to disclose exists. It does appear, however, from the FAC that a duty to disclose is alleged based on the fact that Defendants possessed exclusive knowledge of material facts not known to Plaintiff.

[4] Nasso did not allege this claim against Scher in his original complaint and it was not the subject of the Court's July 15, 2016 Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-8534 DMG (GJSx)** | Date | February 17, 2017 |
| Title | *Julius R. Nasso v. Integrated Administration, Inc., et al.* | Page | 6 of 9 |

520 F. Supp. 2d 1184, 1195 (C.D. Cal. 2007) ("there is no liability for negligent omissions"). Nasso does not dispute this in his opposition.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss Nasso's negligence claim against Scher **without leave to amend**.

### 5. Breach of Contract[5]

The Court dismissed the original complaint's claims for breach of contract and breach of guaranty against Scher because Nasso failed to sufficiently allege alter ego liability. July 15, 2016 Order at 5–6. As alleged in the FAC and the attached exhibits, Scher signed the "Copyright Mortgage and Assignment" document and the Guaranty in his capacity as "Manager." The FAC still contains insufficient allegations that Scher signed the documents as an alter ego of Nailed Loan or in a manner other than in his capacity as manager of an LLC. Nasso has also not sufficiently alleged the existence of a partnership that would make Scher liable for the actions of Jam, who signed the Note.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss Nasso's claims for breach of contract and breach of guaranty against Scher **with leave to amend**.

### B. David Bergstein, Executive Producer of the Picture

#### 1. Negligence

Nasso's negligence claim against Bergstein is "based on liability derived from Scher's negligence from omitting material facts. As a partner in a partnership . . . , Bergstein . . . [is] similarly equally liable." Opp. at 13. As the Court explained above, California law does not recognize a cause of action for negligent omissions.

The Court therefore **GRANTS** as a matter of law Defendants' motion to dismiss Nasso's negligence claim against Bergstein.

#### 2. Breach of Contract

As the Court discussed earlier, Nasso has failed to sufficiently allege a valid partnership. As such, Nasso cannot validly state a claim against Bergstein for breach of contract based on the

---

[5] Nasso only alleges his claim for breach of guaranty against one defendant: Nailed Loan. FAC ¶¶ 60–64.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8534 DMG (GJSx)** | Date | February 17, 2017 |
|---|---|---|---|
| Title | *Julius R. Nasso v. Integrated Administration, Inc., et al.* | Page | 7 of 9 |

actions of Jam, Scher, Integrated Administration, or Nailed Loan. The Court therefore **GRANTS** Defendants' motion to dismiss Nasso's claims for breach of contract against Bergstein, who never even signed the documents at issue, **with leave to amend**. *See* July 15, 2016 Order at 5–6; *supra* section V.A.5; *see also United Comput. Sys. v. AT&T Info. Sys.*, 298 F.3d 756, 761 (9th Cir. 2002) ("Under California law, only a signatory to a contract may be liable for any breach.") (internal quotation marks and citations omitted).

### C. Kiarash Jam, President of Integrated Administration

#### 1. Negligence

Nasso's negligence claim against Jam is "based on liability derived from Scher's negligence from omitting material facts. As a partner in a partnership . . . , Jam . . . [is] similarly equally liable." Opp. at 13. The Court **GRANTS** as a matter of law Defendants' motion to dismiss Nasso's negligence claim against Jam for the reasons already discussed above. *See supra*, section V.B.1.

#### 2. Breach of Contract

The Court **GRANTS** Defendants' motion to dismiss Nasso's claims for breach of contract against Jam **with leave to amend**. Jam signed the Note in his capacity as President of Integrated Administration, and Nasso has failed to sufficiently allege a claim for alter ego liability or partnership liability. *See* July 15, 2016 Order at 8; *supra* section V.B.2; RJN, Ex. B (Integrated Administration is an active California corporation).

### D. Nailed Loan Acquisition Company, LLC

#### 1. Negligence

To the extent Nasso seeks to assert a negligence claim against Nailed Loan because of its agent's (i.e., Scher) negligent omissions, the Court **GRANTS** as a matter of law Defendants' motion to dismiss the claim. *See supra*, section V.A.4.

The Court also **GRANTS** Defendants' motion to dismiss the negligence claim against Nailed Loan to the extent the claim is based on negligent misrepresentations by Jam and Bergstein. "If an alleged cause of action adds nothing to the complaint by way of fact or theory of recovery, containing only allegations of other causes of action, it is duplicative and should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-8534 DMG (GJSx)** | Date | February 17, 2017 |
| Title | *Julius R. Nasso v. Integrated Administration, Inc., et al.* | Page | 8 of 9 |

dismissed." *Cisco Sys., Inc. v. Stmicroelectronics, Inc.*, 77 F. Supp. 3d 887, 896 (N.D. Cal. 2014).

Here, the factual allegations involving Jam and Bergstein that underlie Nasso's negligence claim are duplicative of the allegations that underlie his negligent misrepresentation claim. *Compare* FAC ¶ 52 (negligence claim alleging that "[a]t the time Defendants Kia Jam and Bergstein made the above-mentioned false representations of material facts . . . , Defendants were negligent in so doing") *with id.* ¶ 47 (negligent misrepresentation claim alleging that "[a]t the time Defendants Kia Jam and Bergstein made the above-mentioned false representations of material facts, Defendants intended for Plaintiffs to rely on said representations").

## V.
## CONCLUSION

In light of the foregoing, Defendants' motions to dismiss are **GRANTED** as follows:

1. The fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, and breach of contract claims against Scher are **DISMISSED with leave to amend**;

2. The negligence claim against Scher is **DISMISSED with prejudice**;

3. The breach of contract claim against Bergstein is **DISMISSED with leave to amend**;

4. The negligence claim against Bergstein is **DISMISSED with prejudice**;

5. The breach of contract claim against Jam is **DISMISSED with leave to amend**;

6. The negligence claim against Jam is **DISMISSED with prejudice**;

7. The negligence claim against Nailed Loan is **DISMISSED with prejudice**.

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-8534 DMG (GJSx)** | Date | February 17, 2017 |
| Title | *Julius R. Nasso v. Integrated Administration, Inc., et al.* | Page | 9 of 9 |

     Plaintiff shall file his Second Amended Complaint, or notify Defendants and the Court that he does not intend to amend his complaint, within 21 days from the date of this Order. Defendants shall file their response within 21 days after Plaintiff files his SAC. By this Order, the Court grants Nasso leave to amend only his fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, and breach of contract claims—the Court does not grant Nasso leave to add any new claims or defendants.

**IT IS SO ORDERED.**